UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EMILY LOCKHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:18cv111 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB), as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 26, 2015, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: post-traumatic stress disorder; generalized anxiety disorder; major depressive disorder; bipolar disorder; social anxiety disorder (social phobia); attention deficit hyperactivity disorder (ADHD), combined; and stimulant use disorder, amphetamine-type substance (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to performing simple, routine and repetitive tasks, but not at a production-rate pace (e.g. assembly-line work); simple work-related decisions; occasional interaction with supervisors and coworkers; tolerating occasional changes in a routine work setting; and no interaction with the public.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on April 27, 1977 and was 37 years old, which is defined as a younger individual age 18-40, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 26, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 13- 23 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals

Council denied review. This appeal followed.

Plaintiff filed her opening brief on October 30, 2018. On March 7, 2019, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and nonsevere, into the RFC, and erred in not considering the combined impact thereof. Specifically, Plaintiff argues that the ALJ erred in not including a mental limitation which described the quality of the interaction between

Plaintiff, co-workers, and supervisors. The ALJ found that Plaintiff is limited to occasional interaction with supervisors and co-workers. However, Plaintiff contends that the ALJ erred in not finding that Plaintiff was limited to superficial interaction. Plaintiff claims that the RFC did not account for the opinion of State Agency psychologists that Plaintiff was limited to superficial interaction. Plaintiff is referring to the opinion of non-examining psychologists Drs. Johnson and Kladder, who opined that Plaintiff "can relate on at least a superficial basis" (Tr. 94, 105). Plaintiff argues that the term "occasional" refers to frequency, whereas "superficial" refers to the quality of the interaction.

The Commissioner correctly responds that the argument fails for several reasons. First, the opinions of Drs. Johnson and Kladder need to be considered in light of their additional opinions that Plaintiff had no social interaction limitations (Tr. 94, 104), and mild difficulties in maintaining social functioning (Tr. 92, 102). Furthermore, both Drs. Johnson and Kladder opined that Plaintiff was not significantly limited in the ability to work in coordination with or in proximity to others without being distracted by them (Tr. 94, 104). All of these opinions indicate that Plaintiff is not limited to merely superficial interaction with supervisors and co-workers. This would explain why both Drs. Johnson and Kladder opined that Plaintiff "can relate on *at least* a superficial basis" (Tr. 94, 105) (emphasis added).

Second, the ALJ limited Plaintiff to jobs that involve simple, routine, and repetitive tasks, not at a production-rate pace; simple work-related decisions; occasional interaction with supervisors and co-workers; occasional changes in a routine work setting; and no interaction with the public. The Commissioner contends that it stretches the imagination that such jobs would involve more than superficial interaction with supervisors and co-workers (interaction with the

5

public is precluded), considering that the jobs are generally performed in a routine manner and that, even when occasional changes are needed, the jobs would, by their very nature, remain simple, routine, and repetitive.

Third, although Drs. Johnson and Kladder never examined Plaintiff, Dr. Boen performed a consultative psychological examination on August 10, 2015 (Tr. 18, 20, 460-63). Among other things, Dr. Boen opined that Plaintiff can get along with co-workers and a boss (Tr. 20, 463). The ALJ gave significant weight to Dr. Boen's opinion, but found that subsequent evidence suggested "slightly greater mental limitations" (Tr. 20). The ALJ accounted for these slightly greater limitations by limiting Plaintiff to, among other things, occasional interaction with supervisors and co-workers (Tr. 16).

Significantly, Dr. Johnson had no access to Dr. Boen's consultative examination, as she rendered her opinion in April 2015, several months before Dr. Boen examined Plaintiff. Although Dr. Kladder's opinion was rendered 8 days after Dr. Boen examined Plaintiff (7 days after the date on Dr. Boen's report), it does not appear that Dr. Kladder made any mention of Dr. Boen's opinion. Thus, not only did Drs. Johnson and Kladder not have the benefit of examining Plaintiff, they did not even have the benefit of Dr. Boen's opinion based on his examination of Plaintiff.

In light of the above evidence, this court agrees with the Commissioner that the ALJ's RFC (and decision) is supported by substantial evidence. Accordingly, the decision will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: May 14, 2019.

                                                                s/ William C. Lee
                                                                William C. Lee, Judge
                                                                United States District Court